MANDATE




SDNY (NYNY)
00.cv.632
Pauley

08-4567-cv
Compagnie Noga v. Russian Federation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

**At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand and nine.**

Present: ROGER J. MINER,
CHESTER J. STRAUB,
RICHARD C. WESLEY,
*Circuit Judges.*




---

COMPAGNIE NOGA D'IMPORTATION ET D'EXPORTATION S.A.,

*Plaintiff-Appellant,*

- v. - (08-4567)

RUSSIAN FEDERATION,

*Defendant-Appellee.*

---

Appearing for Plaintiff-Appellant: MICHAEL C. WIMPFHEIMER, Wimpfheimer & Wimpfheimer, New York,



OCT 16 2009

ISSUED AS MANDATE:

New York.

Appearing for Defendant-Appellee: HOWARD S. ZELBO (BOAZ S. MORAG AND VITALI S. ROSENFELD, *on the brief)*, Cleary Gottlieb Steen & Hamilton LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

The facts and procedural history underlying this action have been fully set forth by the District Court and this Court in prior proceedings. *Compagnie Noga d'Importation et d'Exportation S.A. v. Russian Federation*, 361 F.3d 676, 678-83 (2d Cir. 2004); 2002 WL 31106345, at *1-5 (S.D.N.Y. Sept. 19, 2002). We assume familiarity by the parties as to the facts, the procedural context, and the specification of appellate issues.

In a Memorandum and Order dated August 15, 2008, the District Court denied the motion to confirm and enforce arbitration awards brought by Appellant Compagnie Noga

d'Importation et d'Exportation S.A. ("Noga"). The District Court concluded that Noga had no interest in the awards and, therefore, lacked standing to pursue its claim. Our review of whether a plaintiff has constitutional standing is *de novo*. *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 433 F.3d 181, 197 (2d Cir. 2005). We review a district court's findings of law, as well as mixed questions of law and fact, *de novo*. *LoPresti v. Terwilliger*, 126 F.3d 34, 39 (2d Cir. 1997). However, we review a district court's findings of fact for clear error. *Rent Stabilization Ass'n of N.Y. v. Dinkins*, 5 F.3d 591, 594 (2d Cir. 1993).

It is Appellant's burden to adequately establish that it has standing under Article III, § 2, of the Constitution. In order to satisfy this requirement, Appellant is required to demonstrate a "concrete and particularized" injury in fact, causation, and redressability. *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 128 S. Ct. 2531, 2535 (2008). We affirm the Order of the District Court because we find that Appellant has failed to establish that it retains an interest in the arbitral award.

A litigant waives an argument for purposes of appellate review "by failing to present it below," and "an appellate court will not consider an issue raised for the first time on appeal." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). "[M]erely typing out the [key] words" or "merely incant[ing] the [key] phrase" "without offering any argument or explanation of the point" to the district court is "insufficient to preserve the issue for appeal." *United States v. Harrell*, 268 F.3d 141, 146 (2d Cir. 2001) (internal quotation marks omitted). Although we have "discretion to consider arguments waived below because our waiver doctrine is entirely prudential," we normally decline to consider arguments waived below if those arguments were available to the parties and the parties proffer no reason for their failure to raise the issue. *Nortel*, 539 F.3d at 133.

We have considered the remaining issues raised by Appellant and find them to be either waived or without merit.

Accordingly, the judgment of the District Court is

hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: [signature]
Richard Alcantara, Deputy Clerk



A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by [signature]
DEPUTY CLERK